Note. — Upon the first point resolved in this case, sre to the same effect Carruthers v. Tillman, post 501. The act of 1809, Rev. c 773, points out anew mode of obtainingredress where lands .ire overflowed by a mill pond, which takes away the common law right of suing. unless in the case, specified by the act. Mumford & others v Terry 2 Car. Law. Rep. 425. In proceeding under the act of 1809. if' the Defendant dies, the lo irs cannot be made parties, and the suit must abate, Fellow v. Fulgham, 3 Murph. 254. With regard to the lies nse see Cook v. Stearns, 11 Mass. Rep. 533, cited in the 3d Am. Ed. of Comyns on Cont. 80, where it is said that a verb -1 license, may esouse a trespass upon lands, though it cannot convey any permanent interest in them. The distinction seems to be foundedin justice and does not at all trench upon the rule of law which requires interests in land to be conveyed by deed. A license to overflow a man’s land by a mill,pond would create no permanent right or interest, if only verb-dly given ; but if the grantee of the license does the act, sur<-ly he may justify when attempted to be treated as a trespasser. It is true tile license may be countermanded, and then the grantee must forbear, or he will make himself from that time (what be would have been without a license) a trespasser.