The defendant pleaded in abatement that he had not been served with a copy of the bill ten days before the court, for that no copy whatever of the statement had been served on him. The plea was overruled in the Superior Court, from whose judgment the cause was brought by appeal to this Court, where it was submitted without argument.
This point has already been determined, and, we think, properly, Anon.,2 N.C. 285. *Page 131 
To give a different construction to the act of 1782, ch. 11, sec. 2, would be abating the bill for an inconvenience which operated only upon the complainant. The Court must necessarily perceive that the complaint, as appears of record, has proceeded regularly before any order pro confesso
will be made. Upon examining the copy which is returned served on the defendant, that would appear incomplete, and would, therefore, be the same, in effect, as if the sheriff had returned upon a full copy, "Not served on the defendant." Where, however, a full copy is served, but within less time of the ensuing term than the act has allowed the party to prepare for his defense, the time of service must be (167) disclosed by plea, as it would not otherwise appear. The opinion of the Court in the case referred to is so able and luminous in the exposition of the act that we deem it unnecessary to add further than our entire concurrence with the opinion of the Court, and are, therefore, all of us, of opinion the plea should be overruled, and with full costs in both courts.
NOTE. — See acc. Jones v. Stokes, 1 N.C. 36. S.C. reportedanonymous in 2 N.C. 286.
Cited: Governor v. R. R., 38 N.C. 475.